## MORRIS HOLBROOK *vs.* JOSIAH G. COOLEY.

### September, 30, 1878.

**Witness Fees, in absence of Agreement.**—In the absence of any special agreement fixing a different rate, the compensation which one is entitled to recover of a party for services rendered in his behalf, and at his request, in attending a trial of a cause as a witness, is that prescribed by statute for services of that kind.

Appeal by defendant from a judgment of the district court for Waseca county, *Lord,* J., presiding, affirming the judgment of a justice of the peace, from which the defendant had appealed on questions of law alone.

*Lewis Brownell,* for appellant.

*P. McGovern,* for respondent.

CORNELL, J. This case was decided in the district court, upon the return of the justice of the peace before whom it was originally tried, to an appeal taken from the judgment there rendered, upon questions of law alone. The judgment rendered by the justice, in favor of the plaintiff and against the defendant, for $2.20 damages and $60.71 costs, was affirmed in the district court, and from that judgment of affirmance the defendant has brought an appeal to this court. The complaint states six distinct causes of action, the fifth and sixth of which are as follows: "The complaint shows, for a fifth cause of action, that the plaintiff attended on the trial of a cause in the probate court, in which the defendant herein was plaintiff and the executor of the estate of Asa G. Sutlief was defendant, one day as a witness for the defendant herein, at his request, and that he travelled twenty miles in going and coming to court on said trial, and that said services were worth the sum of two and 20-100 dollars.

"For a sixth cause of action the plaintiff alleges that on the trial of the said cause in probate court, the defendant requested the plaintiff to bring his team to Waseca, and carry himself and his father to Waseca, and that he would pay therefor; that

the plaintiff did bring his team to Waseca as aforesaid, and
that the value of said team services for said day is the sum
two dollars."

Besides a general denial, the answer sets up a former suit
and judgment in bar in respect to the matters contained in
said fifth and sixth counts or causes of action stated in the
complaint. The proceedings which were had, and the testi-
mony which was introduced on the part of the plaintiff, in
respect to those two causes of action, are thus stated in the
return. The plaintiff himself testified as follows: "He
(defendant) wanted father and I should come out here (Wa-
seca) to a suit he had with Sutlief. He said if we would take
our team and come out, he would pay us for it. I attended
the trial, and was sworn in probate court. I was one day in
attendance. The distance was ten miles each way. I took
my team and hitched on father's buggy, and brought him and
myself. He said if we would not come, he would get a sub-
pœna. Question—What was your services and team worth?'
Objected to as irrelevant and immaterial; that the law fixes
witness fees. Overruled. Defendant excepted. Answer—
It was worth $2.50. I paid my own expenses."

Z. Holbrook, the father of plaintiff, testified in respect
to the same matter, as follows: "Defendant came to my
house; plaintiff was living with me; he said to plaintiff and
me he wanted we should go to a law suit; that he had no
subpœna, but he wanted we should go, and he would pay us
for it. He said, 'I have a load, and have to go around the
other way; I want you to go with your own team, and carry
yourselves; I will pay you for it.' He told us when we must
be there. Plaintiff took his own horses and my buggy, and
came." Question—What was the use of the team to come to
Waseca worth? Objected to as irrevelant and immaterial,
and also on the ground that the statute has fixed the fees for
attendance, and mileage, which is the amount the plaintiff
could recover therefor, if anything. Objection overruled. De-
fendant excepts to ruling. Answer—It was worth $2 for

the use of the team. Defendant objects to answer received, on same grounds as above, with same ruling and exceptions.

"Cross-examined: He told us he wanted us to go to Waseca; he had no subpœna, but wanted we should come, and he would pay us for it. He had a load, and had to go around the other way, and could not carry us. You will have to go with your own team, and I will pay you for it. We came to Waseca, under that request, as witnesses."

The foregoing comprises all the testimony of these witnesses in regard to the matters embraced in the fifth and sixth causes of action; all that was given in the case in support thereof, so far as the return of the justice discloses.

The natural and only reasonable inference or conclusion to be drawn from this testimony, so far as it respects the plaintiff, is that the defendant's promise related solely to plaintiff's services as a witness in going to and attending the trial. That was the subject of defendant's request, the material thing which he wanted, and it constituted the sole consideration for his promise. The use of the team or wagon was not the subject of the contract, nor the thing concerning which he was stipulating. Whether the witnesses adopted one mode of conveyance or another in reaching the trial, or none at all, was a matter of no moment or interest to him, so that their presence at the trial was secured. That is what he wanted, and what he agreed to pay for, whether they came in one way or another. This being the contract between the parties, and the only one proved in connection with this matter, there was but one cause of action growing out of the transaction, in favor of plaintiff, in respect to which any evidence of damages was admissible, and that was for the recovery of such compensation for his services as a witness as he was entitled to, in the absence of any special agreement fixing the amount.

The rule for ascertaining the measure of damages or compensation in such a case is that prescribed by the statute, which allows one dollar for each day's attendance, and mile-

age at the rate of six cents per mile each way from the residence of the witness to the place of trial. Gen. St. c. 70, § 7. No special agreement as to the amount of compensation is alleged in the complaint in this action. The allegations are that plaintiff attended the trial as a witness for defendant at his request one day, and that he travelled, etc., twenty miles in all, and that said services were worth $2.20, and the testimony does not show any agreement to pay any specific sum, nor to pay in any particular way. The rulings of the court, therefore, in receiving the evidence which was objected to upon the question of damages, were erroneous, and the judgment it rendered must be set aside, unless it clearly and affirmatively appears that no prejudice resulted. As the return does not purport to contain all the evidence, it cannot be definitely ascertained upon what ground the judgment was rendered, or upon which of the several causes of action stated in the complaint. That the judgment was not affected by the evidence which was received under the objections does not, therefore, clearly appear, and it cannot be said that the defendant was not prejudiced by the erroneous rulings.

Judgment reversed.